# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

HERBERT G. WILKINS,

        Plaintiff,

    v.                                  Case No. 11-C-579

DON CARMICHAEL, et. al.,

        Defendants.

## SCREENING ORDER

Plaintiff Herbert G. Wilkins is detained at the Wisconsin Resource Center ("WRC") pending proceedings under Wis. Stat. ch. 980, which provides for the civil commitment of sexually violent persons. Wilkens has filed an action under 42 U.S.C. § 1983 claiming that his constitutional rights have been violated by defendants WBAY (the local ABC television station), and Don Carmichael, WBAY's General Manager. Wilkins' claims that the defendants violated his constitutional rights by unlawfully filming him before, during, and after court proceedings. Wilkins' lawsuit is nearly identical to an earlier action he filed in this same Court, *Wilkins v. Carmichael,* Case No. 11-cv-00540 (E.D. Wis. 2011), which I dismissed on June 8, 2011.

Because Wilkins seeks permission to proceed *in forma pauperis* this Court must consider whether his § 1983 claims are frivolous or fail to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B). The reason the Court is required to screen *in forma pauperis* complaints is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and

because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitze v. Williams,* 490 U.S. 319, 327 (1989). A claim is frivolous where the factual allegations or legal conclusions lack an arguable basis in law or fact. Here, Wilkins' claims are without merit because Defendants are *not* state actors. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999) ("the under-color-of-state-law element of §1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful") (omitting citations and quotations). As explained in this Court's prior order dismissing Wilkins' earlier complaint, Defendants cannot be liable under § 1983 because they were not acting under color of law when Wilkins was filmed. (Decision and Order dated June 8, 2011 in *Wilkins v. Carmichael,* Case No. 11-cv-00540 (E.D. Wis. 2011).)

**IT IS THEREFORE ORDERED** that the motion to proceed *in forma pauperis* is **denied** and this action is **dismissed** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) as frivolous.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is denied as moot.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

**IT IS FURTHER ORDERED** that the clerk of court enter judgment of dismissal.

Dated this   20th   day of June, 2011.


 s/ William C. Griesbach
William C. Griesbach
United States District Judge